IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

JERRY DAILY,

    PLAINTIFF,

vs.                                              CASE NO. CV 03-J-1783-NW

DENNIS MARSH, et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

This matter is before the court on the defendants' joint notice of removal (doc. 1).

The defendants removed this action from the Circuit Court of FranklinCounty, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). The defendants allege that the matter in controversy exceeds $75,000.00 and it is between citizens of different states. Notice of Removal at 2. Although the complaint alleges that both defendant Marsh and defendant Tennessee Valley Limestone, Inc. ("TVL") are residents of Alabama, the defendants assert that both of these defendants are fraudulently joined and that defendant Marsh is actually a resident of Tennessee. Notice of Removal at 2-3. The defendants allege that the plaintiff cannot establish a breach of lease claim against either Marsh or TVL for a variety of reasons. Notice of Removal at 4.

3

This case arises from a lease entered into by the plaintiff, as lessor, and defendant Marsh, as lessee, on October 5, 1994. Pursuant to the lease, the lessee could mine limestone from plaintiff's property, in exchange for annual rent plus royalties based on the tonnage of limestone mined. Exhibit A to plaintiff's complaint. That lease was subsequently amended on October 2, 1995. Exhibit B to plaintiff's complaint. Thereafter, defendant Marsh assigned his rights to defendant TVL on September 4, 1997 and TVL assigned its rights under the lease to defendant Facilities Investment, L.L.C. ("Facilities") on November 4, 1997. Facilities subleased its rights to Tennessee Valley Marble, Inc. ("TVM"), also on November 4, 1997. Facilities thereafter assigned its rights to TVM on June 30, 2000.

The plaintiff alleges that during the mining operations, from 1995 through 1999, the defendants damaged thousands of tons of limestone, such that said limestone is no longer suitable for the particular purpose for which the defendants were mining it, and that from 1995 through 1999, the defendants piled unusable limestone "chunks" and scraps on the leased premises, where they remain. Complaint, ¶¶ 24-27. Additionally, the plaintiff asserts that, from 1995 to 1999, the defendants removed dirt, rock and sludge from adjoining premises and dumped the same on the leased premises at issue here. Complaint, ¶ 28. Based on the above facts, the plaintiff sues

for breach of lease, trespass, private nuisance, wanton and/or negligent acts and omissions, and declaratory judgment.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity – every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996), rev'd on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). *See also Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of diversity which appears on the face of the complaint is through the fraudulent joinder of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440.... In *Tapscott,* 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* at 1360. In the instant case, the parties do not suggest that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts," so we

3

concern ourselves only with the first and third types of fraudulent joinder. Turning to the first type, "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker*, 709 F.2d at 1440-41. **The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate** (emphasis added).

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998). *See also Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir.2001).

The defendants, as the parties removing the action to federal court, have the burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996). All doubts (and uncertainties) about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505.

"The burden of the removing defendant is a 'heavy one.' To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties in favor

of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citiation omitted).[1]

The court finds a cause of action for breach of lease is stated against each of the defendants. The defendants do no dispute that each on them partook in some action on the leased premises during the time in question, that being from 1995 through 1999. Clearly, an action for breach of lease is a contract claim, for which the statute of limitations is six years.[2] § 6-2-34, Alabama Code 1975, as amended. Because this case was filed on June 11, 2003, any claim for breach of lease prior to June 11, 1997 would be barred. The court finds each of the defendants named was either the lessee or the assignee of the lessee since June 11, 1997. The plaintiff alleges that each of the defendants committed acts which damaged the limestone or damaged his premises and hence breached its obligation under the lease. This is sufficient to state a cause of action against each of the defendants.[3]

---

[1]This court is cognizant of the Eleventh Circuit's admonition in *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), where the Court stated "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly ... uncertainties are resolved in favor of remand (citations omitted)."

[2]Similarly, the statute of limitations for trespass to real property is six years. §6-2-34.

[3]Whether or not defendant TVL retains assets from which a judgment against may be recovered is not a proper inquiry for this court in determining diversity jurisdiction.

The court, having reviewed the allegations set forth in the plaintiff's complaint, finds the breach of lease claim states a cause of action against each of the defendants, including the undisputed resident defendant, TVL.[4] Thus, this court must find that the joinder was proper and remand the case to the state court. *See Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir.1983) superceded by statute on other grounds as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir.1989). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate. *Triggs*, 154 F.3d at 1287. That possibility exists in the pleadings before this court.

Having found that the plaintiff has stated a claim against the non-diverse defendant, this court finds that complete diversity between all parties is lacking. *See* 28 U.S.C. §§ 1332 and 1441(b)("Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought").

---

[4]The court does not consider the defendants assertion that defendant Marsh is a resident of Tennessee rather than Alabama as the residence of TVL is undisputedly Alabama and thus, defendant TVL's inclusion in this suit destroys diversity. However, the court does note that defendant Marsh is listed as a joint owner, with his wife, of the home in Arab, Alabama, has a phone listed jointly with her at that address and apparently lives in rental property in Tennessee, according to the public tax records of each state. The court finds whether or not defendant Marsh paid Alabama State Income Tax to be insufficient evidence of residency as that turns on the question of where income was earned, not where the defendant resides.

The court having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Franklin County, Alabama, by separate Order.

**DONE** this the ___23___ day of July, 2003.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE